(No. 97-CC-0628—

AARON HYCHE, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed November 1, 1999.*

AARON HYCHE, *pro se.*

JIM E. RYAN, Attorney General (ALLISON D. MARTIN, Assistant Attorney General, of counsel), for Respondent.

## ORDER

EPSTEIN, J.

This claim has been filed by Claimant Aaron Hyche, an inmate of the Respondent's Department of Corrections (IDOC), seeking redress of various constitutional rights asserted by him in connection with his transfer between correctional centers and his prison work assignment, and is before the Court on the Respondent's motion to dismiss and the Claimant's ensuing motion for default and motion for summary judgment, to all of which responses in opposition have been filed. The Court has carefully and painstakingly reviewed the parties' submissions and supporting documentation.

We first take up the motion to dismiss, which raises an issue of this Court's subject matter jurisdiction that must, of necessity, be determined before proceeding further. Respondent points out that Claimant's complaint asserts federal constitutional rights relative to Claimant's prison and work assignments, and urges (1) that this Court's statutory jurisdiction under section 8 of the Court of Claims Act (705 ILCS 505/8) "does not extend to determining issues of constitutionality" (see motion to dismiss, par. 2, citing *Sass v. State* (1984), 36 Ill. Ct. Cl. 111 and *Levy v. State* (1982), 35 Ill. Ct. Cl. 111); and (2) the complaint fails to state a claim over which this Court has jurisdiction because prison and work assignments are discretionary with the corrections administration, citing *Watts v. Morgan* (N.D. Ill. 1983), 572 F.Supp. 1385 and *Shango v. Jurich* (7th Cir. 1982), 681 F.2d 1091.

We do not agree that the complaint calls on this Court to determine "constitutionality" but we do agree that the complaint asserts federal constitutional rights that we lack jurisdiction to adjudicate, because such issues are beyond our jurisdiction, which is established by

section 8 of the Court of Claims Act (705 ILCS 505/8). Thus the Claimant's complaint must be dismissed for want of jurisdiction.

That jurisdictional conclusion renders Claimant's motion for default moot, although we must note that that motion is plainly baseless and frivolous in any event, as the Respondent is not required to file an answer under our procedures. Similarly, the Claimant's motion for summary judgment is also moot insofar as the underlying claim is dismissed.

However, buried in the Claimant's summary judgment motion is another claim relating to an alleged loss of some personal property (books) that he there asserts to have been taken by IDOC staff and not returned to him after his (protested) transfer to the Pontiac Correctional Center. Over that claim this Court has jurisdiction, but that claim was not pleaded in Claimant's original complaint nor did he seek or obtain leave to amend to assert that property claim—which this Court would ordinarily and routinely have allowed him to do if the Claimant had timely requested to do so.

Although this Court has been tolerant, and does not enforce our procedural rules quite as strictly against *pro se* claimants, particularly IDOC inmates who plead their cases under difficult circumstances, we are less tolerant of claimants like Mr. Hyche who is demonstrably capable of generating forests worth of paper to assert his perceived rights. Still, we would take up his belated and unpleaded book claim but for one dispositive reason.

Also buried in this extensive file is the IDOC record of Mr. Hyche's grievance appeal relating to his book claim. That appeal, of course, is necessary to satisfy the statutory procedural requirement that Mr. Hyche, before becoming a claimant in this Court, exhaust his administrative remedies. (See section 25 of Court of Claims Act,

705 ILCS 505/25). The record, however, reflects the dismissal of his appeal to the IDOC Administrative Review Board because Mr. Hyche "was refusing to appear before the * * * Board." (See Minutes, Meeting of Administrative Review Board, IDOC, June 4, 1996, exhibit 6 to Claimant's motion for summary judgment.) Because the Claimant declined to pursue his administrative appeal that final step, he has failed to exhaust as required by the statute, and his book claim cannot be pursued here, and must be dismissed.

For the foregoing reasons, it is hereby ordered:

1. This claim for improper transfer and work assignment is dismissed for lack of jurisdiction;

2. This claim, insofar as it asserts loss of property is dismissed for failure to exhaust administrative remedies; and

3. This claim is dismissed in its entirety and forever barred.