NO. 4-06-0454      Filed 9/5/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| ISAAC BRIGGS, a/k/a JOSEF DUPREE, | ) | Appeal from |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| ROGER E. WALKER, JR., Director, | ) | No. 06MR47 |
| Illinois Department of Corrections, | ) | |
| Defendant-Appellee. | ) | Honorable |
| | ) | Patrick J. Londrigan, |
| | ) | Judge Presiding. |

_____

JUSTICE COOK delivered the opinion of the court:

In 2002, plaintiff, Isaac Briggs, was convicted of aggravated kidnapping (720 ILCS 5/10-2(a)(7) (West 2002)) while armed with a firearm, a Class X felony, and Briggs is currently serving a 10-year sentence in a medium-security facility. In 2005, Briggs requested that he be transferred to a minimum-security facility and be allowed to participate in a work and day release program offered by the minimum-security facility. Briggs' request was denied. In January 2006, Briggs filed a pro se motion for a preliminary injunction (735 ILCS 5/11-102 (West 2006)), requesting that the trial court compel the Illinois Department of Corrections (IDOC) to transfer Briggs to the minimum-security facility and allow Briggs to participate in the work and day release program. The trial court held a telephone hearing, denied the motion, and dismissed the case. Defendant appeals. We dismiss for lack of jurisdiction.

## I. BACKGROUND

Briggs is currently serving a 10-year sentence for aggravated kidnapping (with a firearm) at Pickneyville Correctional Center (Pickneyville), which is a medium-security facility. Pickneyville has a policy that an inmate may request consideration for a transfer after six months. Pickneyville also has a policy that an inmate may request work release if he is "eligible." IDOC's rules provide that an inmate is "eligible" for work release if the inmate is <u>not</u> serving a sentence for kidnapping, aggravated kidnapping, or any Class X felony. 20 Ill. Adm. Code §455.30 (Conway Greene CD-ROM June 2003). Pickneyville's policy allows inmates who have been denied work release to reapply after three months, provided the reason for the denial was <u>not</u> due to the nature of the offense, among other restrictions.

In November 2005, Briggs requested that he be transferred to a minimum-security facility and be allowed to participate in a work and day release program offered by the minimum-security facility. Briggs' request was denied due to his felony classification.

In January 2006, Briggs filed a <u>pro se</u> motion for a preliminary injunction herein, requesting that the trial court compel the IDOC's director, Roger Walker, to transfer Briggs to the minimum-security facility and allow Briggs to participate in

the work and day release program.  Briggs' primary argument was that it was in the "best interest of society" that the injunction be granted.  Apparently, Briggs would like to earn money for his family, including his minor child, who is currently residing with Briggs' wife, and Briggs' parents, who are in poor health.

The trial court held a hearing over the telephone and denied Briggs' motion for an injunction.  This appeal followed.

## II. ANALYSIS

Briggs makes three arguments on appeal:  (1) the trial court erred in denying Briggs' motion for an injunction; (2) the trial court erred in dismissing Briggs' claim of entitlement to transfer and participation in the work-release program; and (3) the trial judge should have recused himself.  We do not address Briggs' individual arguments and dismiss Briggs' case for lack of jurisdiction.

We do not have jurisdiction to hear Briggs' request to transfer prisons and participate in the work-release program.  A prisoner has no constitutional right, no liberty or property interest entitled to due-process protection, to participate in a work-release program.  See Watts v. Morgan, 572 F. Supp. 1385, 1388 (N.D. Ill. 1983); DeTomaso v. McGinnis, 970 F.2d 211, 213 (7th Cir. 1992); see also, for example, a related Illinois case, Williams v. Thompson, 111 Ill. App. 3d 145, 148-51, 443 N.E.2d 809, 810 (1982) (Fourth District) (reversing a preliminary

injunction requiring prison officials to allow inmates to complete vocational training programs, for lack of right to participate in said programs).  Likewise, neither the provisions in the Unified Code of Corrections (Unified Code) nor the Illinois Constitution, each of which propounds general policies of rehabilitation and restoration to useful citizenship, creates an entitlement to participate in the work-release program.  See Williams, 111 Ill. App. 3d at 149-51, 443 N.E.2d at 810-12 (rejecting similar arguments); 730 ILCS 5/1-1-2 (West 2006) (concerning restoration to useful citizenship); 730 ILCS 5/3-7-1 (West 2006) (requiring the IDOC to promulgate rules in compliance with the Unified Code); Ill. Const. 1970, art. I, §11.  Instead, whether a prisoner may participate in a work-release program is a matter of discretion solely for the IDOC.  See People v. Lego, 212 Ill. App. 3d 6, 8, 570 N.E.2d 402, 403 (1991); Hyche v. State of Illinois, 52 Ill. Ct. Cl. 375, 376-77 (1999) (prison and work assignments are discretionary with the corrections administration).

Courts are not to intervene in matters within the discretion of the IDOC, including the location of where inmates are assigned and housed.  Lego, 212 Ill. App. 3d at 8, 570 N.E.2d at 404, citing People v. Fowler, 14 Ill. 2d 252, 151 N.E.2d 324 (1958); see also Hyche, 52 Ill. Ct. Cl. at 376-77 (no jurisdiction to review discretionary matters of the IDOC).  As such,

ruling on Briggs' request to transfer and participate in the work-release program would exceed the scope of our authority.

### III. CONCLUSION

For the aforementioned reasons, we dismiss Briggs' case for lack of jurisdiction.

Dismissed.

APPLETON and MYERSCOUGH, JJ., concur.