In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-2567

PHILLIP E. JAROS,

*Plaintiff-Appellant,*

*v.*

ILLINOIS DEPARTMENT OF CORRECTIONS,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 11-cv-168-JPG—**J. Phil Gilbert**, *Judge*.

SUBMITTED FEBRUARY 15, 2012—DECIDED JULY 3, 2012[*]

Before KANNE, WILLIAMS, and HAMILTON, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Former inmate Phillip E. Jaros sued the Illinois Department of Corrections, its Director,

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and record. *See* FED. R. APP. P. 34(a)(2)(C).

and several employees claiming violations of the Rehabilitation Act, 29 U.S.C. §§ 794–94e, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111–213, and the Eighth Amendment. All of Jaros's claims arise from his allegations that administrators at the Vandalia Correctional Center ignored his need for placement in an ADA-compliant facility, and also refused to consider him for a work-release program solely because he walks with a cane. The district court screened the complaint before service on the defendants and held that it fails to state a claim.[1] We disagree as to Jaros's claims under the Rehabilitation Act for failure to accommodate his physical impairments and for intentional discrimination.

Jaros's suit was dismissed at the pleading stage, so for now we assume the truth of the facts set out in the

---

[1] The district court cited 28 U.S.C. § 1915A, a part of the Prison Litigation Reform Act, as authority for screening Jaros's complaint. By the time that review occurred, Jaros had finished serving his sentence and been released. On appeal he argues that it was error to screen his complaint under § 1915A because he no longer was a "prisoner" as defined by 28 U.S.C. § 1915(h). This argument fails because "prisoner" status under the PLRA turns on whether the plaintiff was confined when the suit was filed. *Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004). And in any event, when a district court has authorized a plaintiff to proceed in forma pauperis—as happened in this litigation—the court may screen the complaint on the authority of 28 U.S.C. § 1915(e)(2). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000); *Rowe v. Shake* 196 F.3d 778, 783 (7th Cir. 1999).

complaint and attachments. *See Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011); *Guzell v. Hiller*, 223 F.3d 518, 519 (7th Cir. 2000). Medical records submitted with his complaint show that Jaros suffers from several physical ailments, including advanced osteoarthritis and vascular necrosis in his right hip. A hip replacement has been recommended by private physicians. Jaros requires a cane to walk. Walking for more than a few minutes tires him, and he suffers chronic, severe pain whether walking, sitting, standing, or lying down.

Jaros was convicted of driving on a suspended license and sentenced to 2 years in prison. In May 2010 he was sent to Vandalia, which is not ADA-compliant and lacks grab bars for the handicapped near toilets and in showers and walkways. Two days after arriving he told Teanah Harter, a grievance counselor and one of the defendants, that he required grab bars to shower and use the toilet, and also to navigate the prison hallways. Harter replied that, true enough, Vandalia is not ADA-compliant but advised Jaros "to just deal with it" because administrators at the facility "did not do" medical transfers. Jaros filed a grievance with then-warden Ronald Meeks, also a defendant, demanding that administrators either install grab bars in the toilets, showers, and hallways or else transfer him to an ADA-compliant facility. Harter reviewed this grievance and recommended that Meeks deny it, which he did in July 2010. On the one hand, Meeks explained, Vandalia is not required to install grab bars because the Department of Corrections has not designated the facility as a handicap prison. On the other hand, he continued, Jaros could not

be moved to an ADA-compliant prison because he was up for parole in 8 months and, under department policy, only inmates with at least a year to serve could be transferred. Jaros remained at Vandalia until March 2011. He feared falling when using the toilet or shower and thus limited himself to taking only four showers monthly. He also missed meals on occasion because he could not walk fast enough to the cafeteria.

While at Vandalia, Jaros also applied to participate in a work-release program. He was turned down in September 2010. His counselor, Harter, explained that Jaros could not be approved for work release because a "medical hold" had been placed in his file by Mary Halford, the nursing director. Jaros informed Halford that Dr. Cleveland Rayford, the Vandalia medical director, had deemed him healthy enough for work release, but Halford refused to relent. In her words, "No one with a cane can go on work release." Jaros filed a grievance, and while waiting for a response he asked Debbie Magnus, who was in charge of the Health Care Unit, to lift the hold. She would not, she said, because "that's just how we do it here." Then in October 2010, only a month after he first applied for work release, Jaros received word that, in response to his grievance, his application for work release had been considered despite the medical hold. He was rejected, though, because it was decided that he was "appropriately placed" at Vandalia.

Jaros claims that the Illinois Department of Corrections[2] violated the Rehabilitation Act and the ADA by refusing to accommodate his physical impairments. He also claims that the Department of Corrections refused his application for work release on account of his cane, and thus discriminated against him in violation of both statutes. (Several of the individual defendants are named in these statutory claims, but employees of the Department of Corrections are not amenable to suit under the Rehabilitation Act or the ADA. *See* 29 U.S.C. § 794(b); 42 U.S.C. § 12131; *see Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004); *see also Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) (collecting authority).) Jaros further contends, in a claim

---

[2] Jaros has named the Illinois Department of Corrections as a defendant in the caption—but not the body—of his complaint. The district court reasoned that the omission from the body means that the agency is not a defendant. Yet this is the sort of pleading gaffe that, ordinarily, district courts should give pro se plaintiffs a chance to correct by amendment. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Jackson v. Kotter*, 541 F.3d 688, 696-97 (7th Cir. 2008). And more importantly here, the court's conclusion is incorrect, since Jaros also named the Director of the Department of Corrections as a defendant in both the title and body of the complaint. The Director (she has since been replaced) is named in her official capacity, and thus the suit is against the agency. *See Zambrano v. Reinert*, 291 F.3d 964, 975-76 (7th Cir. 2002) (Easterbrook, J., concurring); *Carver v. Sheriff of Lasalle Cnty.*, 243 F.3d 379 (7th Cir. 2001). We have altered the caption accordingly.

brought under 42 U.S.C. § 1983, that Warden Meeks, counselor Harter, and two other defendants violated the Eighth Amendment by refusing either to transfer him or to install grab bars throughout Vandalia.

In dismissing the lawsuit, the district court first rejected the Eighth Amendment claim. The court reasoned that Jaros does not state a claim for deliberate indifference because, as detailed in his complaint, the staff at Vandalia gave him a cane, prescribed pain medication, and issued permits allowing him to use a lower bunk, wear soft-soled shoes, and walk slowly when traveling in the facility. The district court, citing *United States v. Georgia*, 546 U.S. 151 (2006), then rejected Jaros's claims under the ADA for failure to accommodate and discrimination. Although the discussion of the point is brief, we infer from the reliance on *Georgia* (and the dismissal of these claims without prejudice) that the court deemed the Department of Corrections to be protected by sovereign immunity from Jaros's claims for damages under the ADA.[3] The district court did not mention the Rehabilitation Act. Jaros challenges these rulings on appeal.

We start with Jaros's claim under the Eighth Amendment. Adequate food and facilities to wash and use the

---

[3] In his complaint Jaros also demands injunctive relief, but his release from Vandalia has mooted that prospect. *See Koger v. Bryan*; 523 F.3d 789, 804 (7th Cir. 2008); *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004); *Nelson v. Murphy*, 44 F.3d 497, 500 (7th Cir. 1995).

toilet are among the "minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), that must be afforded prisoners. *See Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006); *Thompson v. Colorado*, 278 F.3d 1020, 1032 (10th Cir. 2001); *LaFaut v. Smith*, 834 F.2d 389, 392-94 (4th Cir. 1987) (Powell, J., sitting by designation). But Jaros does not allege that he was deprived of any of these. Instead, he says only that his use of the toilets and showers at Vandalia was made more difficult by the absence of grab bars. Jaros admits, however, that he showered four times a month, and limiting inmates to weekly showers does not violate the Eighth Amendment. *See Rodriguez v. Briley*, 403 F.3d 952, 952 (7th Cir. 2005); *Henderson v. Lane*, 979 F.2d 466, 468-69 (7th Cir. 1992); *Davenport v. DeRobertis*, 844 F.2d 1310, 1316 (7th Cir. 1988). Jaros also alleges that he sometimes missed the morning meal because he could not walk fast enough to the cafeteria using only his cane without hallway railings, but he does not allege that occasionally skipping breakfast endangered his health. *See Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999) (explaining that extent, duration, and consequences are relevant in assessing whether deprivation of food violates Eighth Amendment); *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (noting that even two meals per day on "regular, permanent basis" may satisfy Eighth Amendment if nutritionally adequate). Despite the lack of grab bars, Jaros managed to use the toilet and showers, attend meals, and work at the prison library. Jaros also alleges that he experienced severe pain in his

hip while showering and using the toilet—the wanton infliction of pain violates the Eighth Amendment, *see Forrest v. Prine*, 620 F.3d 739, 744 (7th Cir. 2010)—but the presence of grab bars would not have made a difference because Jaros concedes that he experiences the same "severe pain" whether walking, sitting, standing, or lying in bed.[4] Because the alleged conditions of Jaros's confinement did not deprive him of life's necessities, the district court correctly dismissed this claim. *See Johnson v. Snyder*, 444 F.3d 579, 584-85 (7th Cir. 2006) (questioning whether amputee's disability constituted objectively serious medical need requiring accommodation with grab bars or benches or crutch, where inmate could walk with a prosthesis and use toilets and showers without assistance); *see also Davenport*, 844 F.2d at 1316; *cf. Tesch v. Cnty. of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998) (concluding that jailers did not violate arrestee's right to due process by detaining him unattended for two nights in cell that, although designed to accommodate his wheelchair, was equipped with toilet and sink he struggled to use without assistance and bed he could not reach). As the facts Jaros alleges do not describe an Eighth Amendment violation, the district court was correct to dismiss his § 1983 claim.

---

[4] Jaros has not claimed that any named defendant was deliberately indifferent to his chronic pain. He does mention that Dr. Rayford, the Vandalia medical director, refused to prescribe stronger pain medication, but Rayford is not a defendant. Nor has Jaros alleged any facts that plausibly suggest deliberate indifference by Rayford.

We turn next to Jaros's statutory claims under the ADA and the Rehabilitation Act for failure to accommodate his physical impairments. The relief available to Jaros under these provisions is coextensive. *Compare* 29 U.S.C. § 794A *with* 42 U.S.C. § 12117 (both incorporating 42 U.S.C. § 2000e-5 for private right of action); *see Barnes v. Gorman*, 536 U.S. 181, 189 & n.3 (2002)*; Morris v. Rumsfeld*, 420 F.3d 287, 290 (3d Cir. 2005); *Washington v. Ind. High Sch. Athletic Ass'n, Inc.*, 181 F.3d 840, 845 n.6 (7th Cir. 1999). And, with respect to this lawsuit, the analysis governing each statute is the same except that the Rehabilitation Act includes as an additional element the receipt of federal funds, which all states accept for their prisons. *See Cutter v. Wilkinson*, 544 U.S. 709, 716 n.4 (2005); *Gratzl v. Office of Chief Judges*, 601 F.3d 674, 678 (7th Cir. 2010); *Foley*, 359 F.3d at 928; *Ozlowski v. Henderson*, 237 F.3d 837, 842 (7th Cir. 2001). As a practical matter, then, we may dispense with the ADA and the thorny question of sovereign immunity,[5] since Jaros can

---

[5] In *Georgia* the Court expressly declined to decide whether states are immune from suits for damages arising from conditions that violate the ADA but not the Constitution. *Georgia*, 546 U.S. at 159. Jaros alleges that he was confined under conditions which, for the reasons we have explained, would not have violated the Eighth Amendment even if those same conditions would give rise to a claim under the ADA. That distinction has no practical import to Jaros because Illinois has waived its immunity from suits for damages under the Rehabilitation Act as a condition of its receipt of

(continued...)

have but one recovery. *See Duran v. Town of Cicero, Ill.*, 653 F.3d 632, 639 (7th Cir. 2011) (plaintiffs may have but one recovery); *Calero-Cerezo v. United States Dep't of Justice*, 355 F.3d 6, 11 n.1 (1st Cir. 2004) (dismissal of ADA claim had no effect on scope of remedy because Rehabilitation Act claim remained).

To state a claim under the Rehabilitation Act, Jaros need only allege that (1) he is a qualified person (2) with a disability and (3) the Department of Corrections denied him access to a program or activity because of his disability. *See* 29 U.S.C. § 705(2)(B); *Wis. Cmty. Serv. v. City of Milwaukee*, 465 F.3d 737, 746 (7th Cir. 2006); *Foley*, 359 F.3d at 928; *Grzan v. Charter Hosp. of Nw. Ind.*, 104 F.3d 116, 119 (7th Cir. 1997). Refusing to make reasonable accommodations is tantamount to denying access; although the Rehabilitation Act does not expressly require accommodation, "the Supreme Court has located a duty to accommodate in the statute generally." *Wis. Cmty. Serv.*, 465 F.3d at 747; *see also Alexander v. Choate*, 469 U.S. 287, 300-01 (1985). Jaros must plead facts which plausibly (even if improbably) support each element of his claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Arnett v. Webster*, 658 F.3d 742, 751-52 (7th Cir. 2011).

Plausibility is not an exacting standard, and Jaros has met it. Disability includes the limitation of one or more

---

[5] (...continued)
federal funds. *See Stanley v. Litscher*, 213 F.3d 340, 344 (7th Cir. 2000).

major life activities, which include walking, standing, bending, and caring for oneself, *see* 42 U.S.C. § 12102(2)(A), all of which Jaros finds difficult because of his hip. Although incarceration is not a program or activity, the meals and showers made available to inmates are. *See Cassidy v. Ind. Dep't of Corr.*, 199 F.3d 374, 375 (7th Cir. 2000); *Crawford v. Ind. Dep't of Corr.*, 115 F.3d 481, 483 (7th Cir. 1997); *Shomo v. City of New York*, 579 F.3d 176, 185 (2d Cir. 2009); *Kiman v. N.H. Dep't of Corr.*, 451 F.3d 274, 287-88 (1st Cir. 2006); *Garfield v. Cook County*, No. 08 C 6657, 2009 WL 4015556, at *3 (N.D. Ill. Nov. 19, 2009). The refusal to accommodate Jaros's disability kept him from accessing meals and showers on the same basis as other inmates. Jaros was placed in a classic Catch-22: the Department of Corrections will not add grab bars at Vandalia because other prisons in the system already are equipped for handicapped inmates, but Jaros could not be transferred to one of those facilities because he would not be incarcerated long enough to meet the agency's transfer criteria. We conclude that he has pleaded a plausible claim for failure to make reasonable accommodations under the Rehabilitation Act.

That leaves Jaros's further claim under the Rehabilitation Act that the Department of Corrections discriminated against him by blocking him from consideration for work release because he walks with a cane. Jaros alleges that he was qualified for work release, having met all eligibility requirements for the program, including being within two years of release and classified as minimum security. *See* ILL. ADMIN. CODE tit. 20, § 455.10; *Briggs v. Walker*, 875 N.E.2d 164, 165-66 (Ill. App. Ct. 2007).

His theory is that Halford, the nursing director, blocked his application by placing a "medical hold" on his file—solely because he uses a cane—thus keeping him out of the program "by reason of" his disability, as required to state a claim of discrimination under the Rehabilitation Act. *See* 29 U.S.C. § 794; *Alexander*, 469 U.S. at 290; *Wis. Cmty. Serv.*, 465 F.3d at 748; *Peters v. City of Mauston*, 311 F.3d 835, 841 (7th Cir. 2002). And although the institutional assignment committee at Vandalia ultimately reviewed and then denied his application after concluding that he was "appropriately placed," Jaros asserts that the decision was a pretext for further discrimination. We do not know who serves on Vandalia's institutional assignment committee: The committee may have consisted entirely of Halford, who placed the hold, and Debbie Magnus, the heath care unit administrator who refused to remove it. Because such an allegation is plausible (even if perhaps improbable), *see Arnett*, 658 F.3d at 751-52, we conclude that Jaros may proceed with this claim as well.

Accordingly, we VACATE the dismissal of Jaros's statutory claims against the Illinois Department of Corrections for discrimination and failure to accommodate his disability, and REMAND for further proceedings on those claims. In all other respects, the judgment of the district court is AFFIRMED. In light of the complexity of Jaros's claims, we note that he and the district court both would benefit from having counsel enlisted to represent Jaros on remand.