NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted April 25, 2013[*]
Decided April 26, 2013

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-3449

| | |
|---|---|
| CHRISTOPHER HIGHTOWER, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 12-cv-0627-GPM |
| SALVADOR A. GODINEZ, et al., *Defendants-Appellees.* | G. Patrick Murphy, *Judge.* |

**O R D E R**

Christopher Hightower, an Illinois inmate, brought this suit principally claiming under 42 U.S.C. § 1983 that a doctor and physician's assistant at Menard Correctional Center were deliberately indifferent to his serious medical needs. Hightower's complaint also includes state-law claims against other defendants. The district court dismissed the suit at screening, *see* 28 U.S.C. § 1915A, and Hightower appeals. We affirm the judgment.

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. Thus the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

According to Hightower's complaint and attached prison grievances, which at this stage we accept as true, *see Jaros v. Ill. Dep't. Of Corr.*, 684 F.3d 667, 669 (7th Cir. 2012), Hightower attended a cardiac clinic at the prison in July 2010. There he told the physician's assistant, named in the complaint as K. Criss, about treatment he received in the past for dermatitis and misaligned vertebrae and sought further medical care for these conditions. He also described pain in his jaw and ear and asked Criss to check for an ear infection. She told him that he must submit a $2 co-payment before he could be treated for ailments unrelated to his heart. Hightower claims that Criss's refusal to treat his other maladies during the cardiac clinic caused his ear infection and back pain to worsen and constituted deliberate indifference to his medical needs, in violation of the Eighth Amendment. He insists that he was exempt from the co-payment because he suffered "chronic" pain.

Two months after the cardiac clinic, Hightower saw the defendant physician, identified as Dr. Fuentes, for his annual physical examination. Hightower told Dr. Fuentes about his ear infection, back pain, and dermatitis. She could not examine his ear because she lacked disposable tips for her otoscope, and she told him he must make the $2 co-payment before she could address his other complaints. He claims that Dr. Fuentes's actions also constituted deliberate indifference.

Additionally, Hightower included two claims arising under state law. In one he asserts that Wexford Health Sources, Inc., breached its contractual obligation to provide medical care for inmates, and he seeks to hold Wexford and others liable for failing to treat him on the theory that he is a third-party beneficiary of the company's contract with the Department of Corrections. Hightower also claims that he received negligent treatment from a medical technician employed by Wexford.

The district court dismissed the § 1983 claims against Criss and Dr. Fuentes on the ground that Hightower's allegations fail to state a plausible claim of deliberate indifference. Though we had not yet decided *Poole v. Isaacs*, 703 F.3d 1024 (7th Cir. 2012), the district court reasoned that Hightower's deliberate-indifference claims were particularly weak given his admission that the defendants did not refuse to treat him but instead told him that first he must authorize a $2 co-payment (the amount since has risen to $5) to be deducted from his prison trust account. The court rejected Hightower's assertion of diversity jurisdiction over the state-law claims and then declined to exercise its supplemental jurisdiction.

After the dismissal Hightower moved for reconsideration and also to amend his complaint. He disagreed with the district court's conclusion that his complaint fails to state plausible claims of deliberate indifference against Criss and Dr. Fuentes. He also argued

that leave to amend should be granted in the interest of justice but did not submit a proposed amended complaint. The district court denied these motions.

On appeal Hightower does not challenge the dismissal of his state-law claims, so we do not address them. Instead, he argues that the district court erroneously dismissed his claims of deliberate indifference and abused its discretion by denying him leave to amend the complaint. Hightower insists that Criss and Fuentes were deliberately indifferent to his medical needs because "they did not exercise their professional judgment" and relied instead on the co-payment, a nonmedical factor, in declining to treat him. But contrary to Hightower's assertion, it is not deliberate indifference for prison medical professionals to insist that inmates who are financially able tender a required co-payment before receiving care. *Poole*, 703 F.3d at 1027. And to the extent Hightower argues that he was exempt from the co-payment because he met a statutory exception for treatment of "chronic" pain, *see* 730 ILCS § 5/3-6-2(f), that is a question of state law, which cannot form the basis for a § 1983 claim. *See Poole*, 703 F.3d at 1027.

Finally, the district court did not abuse its discretion by denying leave to amend the complaint. Hightower could have amended his unserved complaint before judgment was entered but he did not, *see* FED. R. CIV. P. 15(a)(1); *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012), and afterward he did not submit a proposed amended complaint, which doomed his request for leave to amend, *see Hecker v. Deere & Co.*, 556 F.3d 575, 590–91 (7th Cir. 2009); *James Cape & Sons Co. v. PCC Constr. Co.*, 453 F.3d 396, 401 (7th Cir. 2006); *Twohy v. First Nat'l Bank of Chi.*, 758 F.2d 1185, 1197 (7th Cir. 1985). Moreover, Hightower has appended to his brief a proposed amended complaint, which, apart from being outside the record, *see Brokaw v. Weaver*, 305 F.3d 660, 668 n.7 (7th Cir. 2002); *United States v. Elizalde-Adame*, 262 F.3d 637, 640 (7th Cir. 2001), does not overcome our decision in *Poole*. That decision forecloses any claim of deliberate indifference against Criss and Dr. Fuentes on these facts. And a district court does not abuse its discretion by declining to permit futile amendments. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *On-Site Screening, Inc. v. United States*, 687 F.3d 896, 899 (7th Cir. 2012).

AFFIRMED.