**Paul WILLIAMS, Plaintiff–Appellant,**

v.

**Velma MILLER, Defendant–Appellee.**

No. 13–3922.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 14, 2014.*

Decided Aug. 19, 2014.

Paul Williams, Indianapolis, IN, pro se.

Before WILLIAM J. BAUER, Circuit Judge, ILANA DIAMOND ROVNER, Circuit Judge, and DAVID F. HAMILTON, Circuit Judge.

**ORDER**

As best we can tell from the limited record before us, this federal lawsuit arises from a real-property dispute litigated in Indiana state court. Both parties are citizens of Indiana. When Velma Miller successfully sued to evict Paul Williams from a commercial space, he obtained a default judgment on several counterclaims. Williams nevertheless was evicted, and the building later was torn down because of structural problems. Williams then turned to federal court alleging that Miller

had not satisfied the default judgment and also should compensate him for "personal items" he lost when the building was "demolished." The district court screened Williams's complaint, see 28 U.S.C. § 1915(e)(2); Jaros v. Illinois Dep't of Corr., 684 F.3d 667, 668–69 n. 1 (7th Cir. 2012), and could not identify any basis for subject-matter jurisdiction. The court invited Williams to supplement his complaint to allege jurisdiction, but instead he submitted documents from the state litigation, none of which, the court reasoned, is relevant to subject-matter jurisdiction. The court thus dismissed the action, and Williams appeals. In his appellate brief, he iterates that he has been unable to collect on his default judgment against Miller.

Like the district court, we cannot discern any basis for federal subject-matter jurisdiction over Williams's complaint. A suit to collect a judgment requires an "independent jurisdictional basis," see Carver v. Condie, 169 F.3d 469, 472 (7th Cir.1999); no such basis exists here because claims concerning lost or converted property arise under state, not federal, law, see IND.CODE §§ 32–35–2–1 to 32–35–2–35. Thus, federal-question jurisdiction is absent. See 28 U.S.C. § 1331. Williams and Miller are citizens of the same state, so diversity jurisdiction is unavailable. See 28 U.S.C. § 1332(a). No other basis for federal subject-matter jurisdiction exists.

AFFIRMED.

* The appellee was not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. See FED. R.APP. P. 34(a)(2)(C).