NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 14, 2014[*]
Decided August 19, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3922

| | |
|---|---|
| PAUL WILLIAMS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:13-cv-01825-RLY-MJD |
| VELMA MILLER, | |
| *Defendant-Appellee.* | Richard L. Young, *Chief Judge.* |

**O R D E R**

_____

[*] The appellee was not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

As best we can tell from the limited record before us, this federal lawsuit arises from a real-property dispute litigated in Indiana state court. Both parties are citizens of Indiana. When Velma Miller successfully sued to evict Paul Williams from a commercial space, he obtained a default judgment on several counterclaims. Williams nevertheless was evicted, and the building later was torn down because of structural problems. Williams then turned to federal court alleging that Miller had not satisfied the default judgment and also should compensate him for "personal items" he lost when the building was "demolished." The district court screened Williams's complaint, *see* 28 U.S.C. § 1915(e)(2); *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 668–69 n.1 (7th Cir. 2012), and could not identify any basis for subject-matter jurisdiction. The court invited Williams to supplement his complaint to allege jurisdiction, but instead he submitted documents from the state litigation, none of which, the court reasoned, is relevant to subject-matter jurisdiction. The court thus dismissed the action, and Williams appeals. In his appellate brief, he iterates that he has been unable to collect on his default judgment against Miller.

Like the district court, we cannot discern any basis for federal subject-matter jurisdiction over Williams's complaint. A suit to collect a judgment requires an "independent jurisdictional basis," *see Carver v. Condie*, 169 F.3d 469, 472 (7th Cir. 1999); no such basis exists here because claims concerning lost or converted property arise under state, not federal, law, *see* IND. CODE §§ 32-35-2-1 to 32-35-2-35. Thus, federal-question jurisdiction is absent. *See* 28 U.S.C. § 1331. Williams and Miller are citizens of the same state, so diversity jurisdiction is unavailable. *See* 28 U.S.C. § 1332(a). No other basis for federal subject-matter jurisdiction exists.

AFFIRMED.