NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 14, 2018*
Decided June 20, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-3686

| | |
|---|---|
| DARREN WILSON,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Central District of Illinois. |
| *v.* | No. 15-CV-1344 |
| KUL B. SOOD, et al.,<br>    *Defendants-Appellees*. | Michael M. Mihm,<br>*Judge*. |

**O R D E R**

Darren Wilson appeals the dismissal of his Rehabilitation Act suit on grounds of claim preclusion. Because his suit brings a claim that arises from a different set of operative facts, we vacate the judgment in part, affirm in part, and remand for further proceedings.

---

\* We agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C). The Illinois Department of Corrections and Barry Bankert decided not to file a brief on appeal.

Wilson, an Illinois inmate, alleges that he is disabled because of a knee injury that limits the range of motion of his right leg. When he was transferred to Hill Correctional Center from another prison, he told Dr. Kul Sood, Hill's medical director, that he needed a shower chair in order to shower safely. Dr. Sood examined Wilson and initially refused the request, but in December 2010 Wilson fell in the shower and Dr. Sood authorized the use of a shower chair. In February 2012 Wilson fell again. He told prison authorities that the chair he was then using was not designed for use in the shower and slid on the wet tile, causing him to fall. In May 2012 Wilson finally received what he considers a proper shower chair.

In March 2012 Wilson sued in federal court asserting, among other things, that the delay in receiving a proper shower chair violated his rights under the Eighth Amendment. At screening Judge Joe Billy McDade directed Wilson to amend his complaint and fix several flaws. In the meantime Wilson encountered new problems with shower accessibility. Shortly after filing his initial complaint, he was moved to a different unit where the shower entrance had a curb to keep water from spilling out and no hand rails. Wilson had trouble bending his knee to step over the curb and, he says, fell many times. He asked Dr. Sood to allow him—as he previously had been allowed—to use the showers in the health-care unit, which had hand rails and no curb to step over. Wilson alleges that Dr. Sood refused, and several days later, in late May, Wilson fell on the shower's curb and injured his shoulder.

Wilson amended his complaint in July, adding the details Judge McDade had asked for specifying the actions of each defendant in denying him a shower chair. He did not mention his recent reassignment to the unit with a curbed shower.

Wilson then filed a grievance about his difficulties showering in the new housing unit given his knee condition and the problems presented by having to step over the curb to access the shower. The prison denied the grievance, stating that he already was receiving appropriate medical attention and had been provided the use of a shower chair. Wilson also requested an accommodation from Berry Bankert, the facility's disability coordinator, but Bankert said there was nothing he could do about the curb.

Upon receiving the denial of the grievance, Wilson attempted in his summary-judgment submissions before Judge McDade to introduce details of his difficulties accessing the shower in the new housing unit and to add new claims of violations under the Americans with Disabilities Act and the Rehabilitation Act. But in the order entering summary judgment for the defendants, Judge McDade states that summary judgment was not the appropriate time to introduce new claims.

In August 2015 Wilson filed the suit underlying this appeal. He sued Dr. Sood, Bankert, and the Illinois Department of Corrections, asserting that their refusal to provide him with a shower without a curb violated the ADA. He said that the problem was "ongoing" and that "til now" he has been requesting use of a shower without a curb, and he added that he showered infrequently due to fear of injury. Judge Mihm screened Wilson's complaint, determined that it stated a claim under the Rehabilitation Act (instead of the ADA), and allowed him to proceed on that basis. *See* 29 U.S.C. § 794; *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671–72 (7th Cir. 2012) (holding that a refusal by an entity receiving federal funds to accommodate a disability that keeps an inmate from accessing showers on the same basis as other inmates states a claim under the Rehabilitation Act, which is coextensive with the ADA and avoids "thorny question[s] of sovereign immunity").

But upon Dr. Sood's later motion, Judge Mihm dismissed the case with prejudice on grounds of claim preclusion. The judge concluded that Wilson "simply takes the same facts—the denial of a shower chair—and asserts a new legal theory." Both suits, the judge said, "involve[] the same [p]laintiff, the same time frame, the same [d]efendants (or their privies), the same prison, the same medical condition, and the same alleged denial of his constitutional or statutory rights." The judge emphasized that Wilson could have asserted a Rehabilitation Act claim in his prior case.

On appeal Wilson insists that the district court erred because his second suit involves different facts from his first. The first suit, Wilson specifies, addresses only the denial of a shower chair while the second suit addresses the unsafe shower conditions upon his reassignment to another unit at the prison. Further, he says that he could not have raised the issue of the curbed shower in the first suit because he had not yet exhausted his administrative remedies by the time he filed the prior suit's operative complaint.

We agree with Wilson that his current suit raises a different claim and is not precluded. True, Wilson's reassignment to the unit with the curbed shower and first resulting injury occurred just days before he filed the operative complaint in the first suit, and he could have added the new claim and asked for a stay of that suit in order to exhaust administrative remedies. *See Czarniecki v. City of Chicago*, 633 F.3d 545, 551 (7th Cir. 2011). But he was not required to do so because the two claims arose out of different circumstances. Preclusion under federal law requires, among other elements, that the second lawsuit assert claims arising out of the same transaction or "out of the same set of operative facts" as the first lawsuit. *See Matrix IV, Inc. v. Am. Nat'l Bank & Tr.*

*Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011); *see also Bernstein v. Bankert*, 733 F.3d 190, 226 (7th Cir. 2013). Here, one set of operational facts concern the earlier denial of a shower chair in one unit of the prison and the second concern his later reassignment to another prison unit where the shower had a high curb and no handrails. To treat these claims as identical because they both address shower accommodations is to "conceptualize too broadly the injury about which [Wilson] complains." *Heard v. Tilden*, 809 F.3d 974, 979 (7th Cir. 2016) (explaining that two instances of an alleged delay in providing a needed surgery do not stem from the same set of operative facts even though they both address a delay in care for a hernia). And when claims do not arise from the same set of operative facts, plaintiffs are not required to amend rather than bring a fresh suit. *See Smith v. Potter*, 513 F.3d 781, 783–84 (7th Cir. 2008); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 914–15 (7th Cir. 1993).

Moreover, Wilson alleges that he was forced to use the curbed shower until at least mid-2015, and each time he was forced to use the inaccessible shower is potentially a new instance of discrimination under the Rehabilitation Act. *See Heard*, 809 F.3d at 979 ("[E]very day that the defendants improperly refused to treat Heard's condition potentially constituted a new act of deliberate indifference."). Federal claim preclusion "generally does not bar a subsequent lawsuit for issues that arise after the operative complaint is filed." *Ellis v. CCA of Tenn. LLC*, 650 F.3d 640, 652 (7th Cir. 2011); *see also Smith*, 513 F.3d at 783–84 (explaining that the plaintiff's claim based on incidents of harassment that occurred after the filing of the first complaint is not barred by claim preclusion even though the first complaint also dealt with harassment-based claims).

We do, however, agree with Dr. Sood that the Illinois Department of Corrections is the proper defendant for this claim because there is no individual liability under the Rehabilitation Act. *See Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015); *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

In light of this result, we deny the motion for recruitment of counsel that Wilson attached to his appellate brief. Wilson is free to renew this motion before the district court.

Accordingly, we VACATE the judgment as to the Illinois Department of Corrections and REMAND for further proceedings consistent with this order. In all other respects, we AFFIRM the judgment.