# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 1, 2021

Lyle W. Cayce
Clerk

No. 20-20408

John Anthony Buchanan,

*Plaintiff—Appellant*,

*versus*

Coronda Harris; Detention Officer Wang, #130996;
Nurse Brandi Hawking; Deputy Sheriff Sergeant J.
Wheeler; William Laws; Detention Officer W. Gibson;
Detention Officer Sergeant Pickens-Wilson; Detention
Officer Mendoza,

*Defendants—Appellees*.

Appeal from the United States  District Court
for the Southern District of Texas
USDC 4:19-CV-4571

Before Jones, Southwick, and Costa, *Circuit Judges*.

Per Curiam:*

John Buchanan awaits trial at the Harris County Jail.  His leg was amputated below the knee eight years ago, so he requires an accessible cell

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

with handrails on the sink, shower, and toilet, as well as a shower chair and a low bunk bed.  Alleging that jail officials disregarded his needs and unlawfully transferred him to an inaccessible unit, Buchanan brought this lawsuit.  In deciding whether Buchanan has plausibly alleged a violation of the Americans with Disabilities Act (ADA), we must also decide whether Buchanan has alleged the "physical injury" that the Prison Litigation Reform Act (PLRA) requires for the recovery of damages for mental or emotional injuries.  We conclude that Buchanan has alleged a physical injury and failure to accommodate.

## I.

For the first ten months of his detention, Buchanan stayed in Harris County Jail Unit 2H1, a unit equipped with handrails and a low bunk.  One morning around 5:00 a.m., a jailer woke Buchanan up and asked him to respond to allegations that he had violated disciplinary rules.  Buchanan did not understand what he was being accused of, so he asked another officer for a copy of the allegations against him.  That officer said she did not know what paperwork Buchanan was referring to.  Buchanan asked to file a grievance for the jail's failure to serve him with a copy of his alleged rules violation and asked to speak with the shift supervisor.

About five hours later, a third officer rewoke Buchanan and told him to pack his belongings for a transfer to the "D-pod" housing unit.  During the transfer period that followed, Buchanan noted his medical needs and asked why he was being transferred out of his accessible unit.  The classification officer responded that he needed Buchanan's old cell for a "seventy-five-year-old man with glaucoma."  When Buchanan arrived at the new unit, he tried to refuse the inaccessible housing and asked the officer stationed there for help to no avail.

No. 20-20408

The D-pod does not have handrails on the toilets, accessible sinks, or showers with chairs or handrails—all things that Buchanan relies on to take care of himself. Nor did D-pod have a bottom bunk for Buchanan. As a result, Buchanan experienced pain and discomfort when using the toilet and trying to shower. His inability to properly bathe led to skin sores on the part of his leg that fits into his prosthetic.

The day after his transfer, Buchanan filed an administrative complaint alleging ADA violations. Four days after the complaint, he was given a "flimsy" chair for use in the shower but still did not have access to handrails, toilet and sink supports, or a bottom bunk.

Buchanan sued in federal district court, alleging ADA, Fourteenth Amendment, and First Amendment violations and seeking both injunctive and compensatory relief. While his case was pending, he was transferred back to the accessible Unit 2H1.

The district court dismissed the case before service under the screening provisions of the Prison Litigation Reform Act (PLRA). It held that Buchanan could not seek compensatory damages because he had not shown a more-than-de-minimis physical injury and could not seek injunctive relief because his reassignment to the accessible unit rendered his claims moot.[1] The court also addressed the merits of the ADA claim, first recognizing that individuals cannot be liable under the ADA, *see Smith v. Hood*, 900 F.3d 180, 184 n.6 (5th Cir. 2018), but treating the official capacity claims as ones brought against the public entity. The court ruled that Buchanan did not state an ADA claim because the defendants reasonably

---

[1] We affirm the district court's holding that the claim for injunctive relief is moot now that Buchanan is no longer in the cell that he contends is not ADA-compliant.

accommodated Buchanan's disability.  The court also rejected Buchanan's due process and retaliation claims.[2]

We affirm the dismissal of the due process and retaliation claims essentially for the reasons stated by the district court.  For the reasons discussed below, however, the ADA claim should proceed past the pleading stage.

## II.

When a district court dismisses a case under the screening provisions of the PLRA as both frivolous and as failing to state a claim, we review the dismissal *de novo*, using the same standard of review as a 12(b)(6) dismissal. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009); *see* 28 U.S.C. §§ 1915(e), 1915A(b).  We will uphold a dismissal based upon failure to state a claim if, taking all the factual allegations as true, the pleadings do not state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  We will affirm the dismissal of a claim as frivolous if it lacks "any arguable basis in law or fact."  *Samford*, 562 F.3d at 678 (citation omitted).  Those deficiencies do not exist for Buchanan's ADA claim at this early stage of the case.

First, Buchanan does meet the PLRA's "physical injury" requirement for claims seeking certain damages. *See* 42 U.S.C. § 1997e(e). The statute prevents a prisoner from bringing a federal suit "for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  Because the PLRA does not define "physical injury," over twenty years ago we applied then-existing Eighth Amendment principles to hold that the law requires plaintiffs to allege "more

---

[2] The district court also dismissed Buchanan's equal protection and excessive force claims, but he does not appeal those rulings.

than *de minim[i]s*" injury though the injury "need not be significant." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). The Supreme Court has since clarified that Eighth Amendment excessive-force claims do not hinge solely on the extent of the injury alleged—although the degree of injury the plaintiff sustained is relevant, it is the nature of the force imposed "that ultimately counts." *Wilkins v. Gaddy*, 559 U.S. 34, 37–38 (2010). But we are not sure this line of cases matters when the prisoner is bringing an ADA claim that does not require a showing of excessive force or deliberate indifference.

Looking solely at the language of the PLRA, Buchanan's allegations easily surmount its "physical injury" requirement. He alleges that due to the lack of an accessible shower, he sustained skin sores on his leg at the site where the rubber sleeve of his prosthetic fits onto the skin. For a leg amputee, skin health is "of utmost importance" and even small lesions may "become an extensive disorder that will seriously threaten" the amputee. S. William Levy, *Skin Problems of the Leg Amputee*, 4 PROSTHETICS & ORTHOTICS INT'L 37, 37, 43 (1980). Buchanan's skin sore allegations, if proven, are a physical injury that allows him to recover damages.

Buchanan has also plausibly alleged a failure to accommodate his disability. The ADA requires public entities, including jails and prisons, to make "reasonable accommodations for disabled individuals." *Cadena v. El Paso County*, 946 F.3d 717, 723 (5th Cir. 2020) (internal quotations omitted). The district court held that Buchanan's claim failed because the jail reasonably accommodated his disability when it provided a shower chair and later moved Buchanan to a more accessible housing unit, Unit 3F, about five weeks after Buchanan had left his original, accessible unit. Buchanan counters that the jail failed to reasonably accommodate him during the approximately four months before he was ultimately returned to his original accessible unit.

The complaint plausibly alleges a failure to accommodate. After Buchanan was transferred to the D-pod, he immediately told a jailer that the unit did not meet his needs, soon after that filed an internal grievance, and finally submitted a "reasonable accommodation request." For five days, he experienced great discomfort and pain every time he needed to shower, which resulted in the skin sores. The jail then gave him a "flimsy" chair to use in the shower. But even after that, the lack of grab bars on the toilet and sink caused Buchanan to experience pain every time he needed to use the toilet. He also continued to lack an accessible bed. Courts have recognized that these types of accommodations may be necessary for disabled inmates. *See Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 669, 672 (7th Cir. 2012) (finding plausible failure-to-accommodate claim because prison deprived plaintiff of toilet and shower grab bars); *Kiman v. N.H. Dep't of Corr.*, 451 F.3d 274, 290 (1st Cir. 2006) (denying summary judgment to defendants on failure-to-accommodate claim because prison did not give access to shower chair or lower bunk); *see also Bradley v. Puckett*, 157 F.3d 1022, 1024–26 (5th Cir. 1998) (explaining that lack of shower chair supported Eighth Amendment claim). How long Buchanan was in a unit that lacked the accommodations he alleges he needs is difficult to determine from the pleadings. But even taking the shorter period of five weeks, that is sufficient to allege an ADA violation. *See Cadena*, 946 F.3d at 721 (holding that two-day deprivation of wheelchair precluded summary judgment).

We thus reverse the district court's dismissal of Buchanan's ADA claims brought against the defendants in their official capacity.

\*\*\*

The judgment of the district court is AFFIRMED IN PART and REVERSED IN PART. The ADA claim is REMANDED for further proceedings.