In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-3292

DAMON STEPP,

*Plaintiff-Appellant,*

*v.*

COVANCE CENTRAL LABORATORY SERVICES, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division
No. 1:17-cv-00644-SEB-DLP — **Sarah Evans Barker**, *Judge.*

ARGUED JULY 10, 2019 — DECIDED JULY 26, 2019

Before EASTERBROOK, BARRETT, and BRENNAN, *Circuit Judges.*

PER CURIAM. Damon Stepp, a former temporary employee at Covance Central Laboratory Services, sued his former employer for retaliating against him in violation of 42 U.S.C. § 2000e–3. He contests the district court's entry of summary judgment for Covance, arguing that he submitted evidence sufficient to persuade a jury that Covance refused to hire him permanently in retaliation for his earlier complaints about

discrimination. Because a reasonable jury could conclude that Covance refused to promote Stepp to permanent status because of these complaints, we vacate the judgment and remand.

## Background

Covance, a manufacturer of medical test kits, hired Stepp in December 2015 as a temporary assistant in its kit-production department. Covance hires both "permanent" and "temporary" employees. While it generally hires temporary employees for a one-year term, it often converts positive performers to permanent status within four to nine months of their start date. Stepp received positive performance reviews in his first nine months, but Covance never made him permanent. By contrast, Covance made two of Stepp's temporary coworkers, hired three weeks before he was, permanent around their nine-month anniversary.

During his tenure as a temporary worker, Stepp, an African-American male, complained about the mistreatment of employees in the kit-production department. Within his first three months of work, he told Covance that David Casteel, his team leader, treated female and white employees better than male and African-American employees. Casteel supervised production by assigning assistants to workstations and directing their training. Stepp confronted Casteel directly, saying that he might formally charge him with discrimination. A manager investigated Stepp's complaints but found them baseless. Stepp then filed two formal charges of discrimination with the Equal Employment Opportunity Commission in July and September 2016.

The same month that Stepp filed his second charge—September—was his nine-month anniversary. Two months later, Casteel complained to Linda Ball, a supervisor, that Stepp often stared at him, shook his head, smirked, and said "uh oh." Ball discussed this complaint with Stepp, who explained that Casteel had misinterpreted Stepp's body language. Shortly thereafter, with Stepp still in temporary status, Covance began a freeze on new hires in the kit-production department. Stepp asked Ball if Covance did not promote him to permanent status before the freeze because Casteel had complained to her about him; she responded "yes."

Stepp's one-year term as a temporary worker ended soon after. Gary Grubb, a human resources partner, planned to give a 90-day extension to Stepp and other temporary workers whose terms ended near the December holidays. But Grubb later reported that Covance advised him that a 90-day extension was too long, so he cut short the extensions of the four temporary workers, including Stepp, who had received them. Stepp's term ended five weeks short of 90 days, in early February 2017.

Proceeding pro se, Stepp sued Covance for race and sex discrimination and retaliation in violation of 42 U.S.C. §§ 2000e–2, 2000e–3, and 1981. Stepp presents only his retaliation claim on appeal. In the district court, Covance argued that it did not offer Stepp permanent employment because of the hiring freeze. But the court did not address Stepp's failure-to-promote retaliation claim; it ruled that Stepp had not alleged the claim in his complaint and that his opposition to summary judgment was too late to raise it.

**Analysis**

On appeal, Stepp—now represented by counsel—contends that he adequately preserved and supported his two retaliation claims: First, he presents his "failure-to-promote" claim—that Covance did not hire him permanently in retaliation for his discrimination complaints. Second, he advances a "90-day" claim—that Covance also cut short his 90-day extension in retaliation for those complaints.

We begin with the failure-to-promote claim. Stepp contends that the district court erred by failing to recognize that he adequately pleaded a failure to-promote claim. He points to his latest amended complaint, in which he alleges that Covance "discriminated against [him] by terminating his employment and refusing to hire him on as a permanent full-time employee because of his race (African-American), gender (Male) and because he filed Retaliation and Harassment complaints against his team leader, David Casteel." Covance counters that this sentence, buried in a 69-paragraph complaint, did not adequately notify it of a failure-to-promote claim. Moreover, it says, Stepp waived the claim at his deposition, where he said that he could not recall "[a]ny other instances of retaliation" besides his complaints about mistreatment in the kit production department.

Stepp has preserved his claim that Covance failed to promote him to permanent status in retaliation for his discrimination complaints. The complaint explicitly alleges that Covance "refus[ed] to hire him as a permanent full-time employee … because he filed Retaliation and Harassment complaints." (We note that if Covance had genuinely found the lengthy complaint indecipherable, it could have moved for a more definite statement under Rule 12(e) of the Federal Rules

of Civil Procedure.) And Covance is off the mark to suggest that Stepp waived this claim at his deposition. A plaintiff may testify in a manner that dooms his claim on the merits, but unfavorable deposition testimony does not amend the complaint. Even if it did, Stepp did not concede at his deposition that Covance did not retaliate against him when it failed to offer him full-time employment. Stepp specifically told Covance that he "believe[d] [he] wasn't offered full-time employment because of [his] complaints." Therefore, when he opposed summary judgment, he was entitled to press his argument that Covance failed to "offer Stepp a permanent employment position" because of its reaction to "Stepp nam[ing] David Casteel as the subject of his discrimination and retaliation complaints."

For a retaliation claim to succeed, a plaintiff must show that his protected activity caused an adverse action. *See Boston v. U.S. Steel Corp.*, 816 F.3d 455, 464 (7th Cir. 2016). For purposes of this appeal, Covance accepts that Stepp's discrimination complaints were protected activities and that the expiration of his term of employment (without promotion) was adverse. It argues, however, that the two were not causally connected.

We "no longer recognize" a distinction between direct and indirect evidence in retaliation cases, *Lauth v. Covance, Inc.*, 863 F.3d 708, 716 (7th Cir. 2017), and Stepp properly combines his evidence. He points to the following: Covance customarily makes satisfactory temporary workers, like him, permanent between four and nine months after hire; it made two such workers—hired just three weeks before Stepp—permanent in their ninth months; it did not do so for Stepp, whose only material difference was that in his ninth month (and earlier) he

had filed charges of discrimination about Casteel; and finally, Ball told Stepp that Covance did not make him permanent because Casteel had complained about him.

From this evidence, a reasonable jury could find that Covance did not promote Stepp to permanent employment in retaliation for his complaints about discrimination. First, an interval of only weeks between protected activity and the adverse action may be brief enough to support a reasonable inference of retaliation. *Coleman v. Donahoe*, 667 F.3d 835, 861 (7th Cir. 2012). Stepp filed a charge with the EEOC in September, the same month that he hit his nine-month anniversary and Covance refused to make him permanent. This makes the adverse action virtually contemporaneous with the protected activity. True, suspicious timing, standing alone, is not necessarily enough to support an inference of discrimination. *See Morgan v. SVT, LLC*, 724 F.3d 990, 998 (7th Cir. 2013). But when suspicious timing is accompanied by corroborating evidence—as it is here—a jury, not a judge, should make the decision about retaliation. *See Coleman*, 667 F.3d at 861–62.

In addition to suspicious timing, Covance treated coworkers better than Stepp, and retaliation may be inferred from the employer's better treatment of similar coworkers. *Boston*, 816 F.3d at 463–65. Covance ordinarily converts its satisfactory temporary workers to permanent status by their ninth month, as it did with two employees hired in the same department and around the same time as Stepp. Like these coworkers, Stepp had positive work reviews. Yet despite his material similarities to these coworkers, Covance did not make Stepp permanent by his ninth month.

Third, beyond the suspicious timing and the better treatment of comparable coworkers, Covance's only proffered

explanation for not promoting Stepp buttresses rather than undercuts an inference of retaliation. If the defendant's proffered justification for adverse action is "unworthy of credence," it "can be quite persuasive" evidence that the true reason is unlawful. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000); *see also Yahnke v. Kane Cty.*, 823 F.3d 1066, 1071 (7th Cir. 2016). Covance's only explanation for its refusal to make Stepp permanent is the hiring freeze. But the freeze occurred two months after Stepp reached nine months at Covance, so it cannot explain Covance's inaction at month nine. On the contrary, Covance's insistence that it did not promote Stepp because of the freeze could suggest to a trier of fact that retaliation was its true motive for not making Stepp permanent.

Finally, Ball's statement that Covance did not make Stepp permanent before the freeze because Casteel had complained about Stepp also supports an inference of retaliation.[†] The flimsiness of Casteel's complaint (stares and smirks) and its timing (before the freeze) would permit a reasonable juror to conclude that what truly irked Casteel and motivated Covance to refuse to promote Stepp were Stepp's charges of discrimination. *See Yahnke*, 823 F.3d at 1071 (plaintiff can cast doubt on defendant's explanation with evidence that explanation is insufficient to motivate adverse action). This

---

[†] Covance argues that Ball's statement was inadmissible hearsay, *see* FED. R. EVID. 801, but we disagree. The statement is an admission of an agent of Covance within the scope of the agency. *See id.* 801(d)(2)(D). Covance authorized Ball to interview workers, so the scope of her agency included speaking about personnel decisions, including the consequence of Casteel's complaint. *See Simple v. Walgreen Co.*, 511 F.3d 668, 672 (7th Cir. 2007).

combination of evidence suggests that a jury should decide whether Covance refused to make Stepp permanent to retaliate against him for his complaints about discrimination. *See Coleman*, 667 F.3d at 861–62.

In contrast, Stepp's other retaliation claim does not warrant a trial. He argues that Covance not only failed to promote him but also cut short his 90-day extension in retaliation for his complaints. Covance contends that Stepp did not preserve the latter claim in the district court. This time, Covance is right. Stepp arguably raised the claim in his complaint by alleging that Covance "terminat[ed] his employment … because he filed Retaliation and Harassment complaints." But when he opposed the motion for summary judgment, Stepp did not argue that Covance shortened his 90-day extension out of retaliation. As a result, Covance had no opportunity to develop a record on this claim, and the district court had no chance to evaluate it. Stepp therefore forfeited it. *See Formella v. Brennan*, 817 F.3d 503, 512 (7th Cir. 2016); *United States v. 5443 Suffield Terrace*, 607 F.3d 504, 510 (7th Cir. 2010).

Accordingly, we vacate the judgment on the failure-to-promote claim and remand the case to the district court.