**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 17, 2020[*]
Decided August 19, 2020

**Before**

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| No. 20-1330 | |
| LA VERNE FOSTER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of |
| | Indiana, Indianapolis Division. |
| | |
| *v.* | No. 1:17-cv-04271-JRS-DLP |
| | |
| LOUIS DEJOY, Postmaster General, | James R. Sweeney II, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

La Verne Foster, who is medically restricted from certain repetitive work, sued her former employer, the United States Postal Service, alleging that it discriminated against her based on her disability and violated other workplace laws. The district court entered summary judgment for the Postal Service. Because Foster admitted that she

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C). We have substituted Louis DeJoy, the current Postmaster General, for the defendant-appellee. See FED. R. CIV. P. 25(d).

cannot perform repetitive mail-processing work—the only job available at her service location—and does not point to evidence of other legal violations, we affirm.

Foster began working in 1999 as a mail-processing clerk, a position for which she required and received accommodations. Mail processing requires frequent repetitive motion, and shortly after starting, an injury limited her mobility. More injuries—back problems, neck and shoulder pain, cubital and carpal tunnel syndromes—plagued her years at the Postal Service. The Postal Service tried several accommodations with limited success in easing her pain. First, based on her doctor's advice, it temporarily moved her to a "light-duty" job. Then, after Foster's doctor permanently restricted her movements, it tried adjusting the sorting methods of her mail-processing job, allowed her to use a chair, and restricted her from lifting over five pounds. But those changes were not always workable, did not meet all her restrictions, and still left Foster in pain. So the Postal Service twice reassigned Foster to positions that met all her restrictions. From 2003 until 2007, she worked as the "Safety Captain," monitoring safety protocols. But that job was eventually dissolved, its tasks divided among volunteers who added them to their other work. From 2008 to 2009, she worked in another monitoring role that, too, was discontinued when the Postal Service decided it was unnecessary.

After the elimination of the monitoring roles, Foster remained technically employed for another eight years but was not always on the job. For four years, the Postal Service had no jobs that fit Foster's medical restrictions, but she was eligible for workers' compensation and remained at home. In 2012, Foster's doctor approved her to return to work if she restricted herself from repetitive motions above or below her shoulders. The Postal Service offered her, and she accepted, the previous job of a mail-processing clerk. She now admits, though, that her newest medical restrictions did not permit her to perform that job:

> Q: So under these restrictions, it would have been impermissible for you to process mail?
>
> A: To do the job that I was assigned, yes. . . .
>
> Q: On the date you accepted and signed this, was it correct to state that you were capable of retrieving mail and taking it to the case for up to one hour per night?
>
> A: No, I couldn't do it, and I was forced to sign it under duress.

She would have preferred to work in one of her two monitoring roles, but those jobs no longer existed. In 2017, Foster retired early based on disability.

In Foster's last year of employment, two disputes arose over leave and wages. First, Foster alleges, in 2016 she made two requests for leave under the Family and Medical Leave Act, 29 U.S.C. § 2612(a)(1)(D), but the Postal Service marked the time as sick leave. The Postal Service's records indicate that she made the requests through an automated system that allows employees to select a type of leave, including FMLA, and she selected sick leave for both days. Second, from January to May 2016, Foster worked two shifts each Sunday, entitling her to an increased rate of pay. After Foster filed a grievance to address a shortfall in pay, the Postal Service (based on its payroll records) paid her in full. She alleges, however, that it still owes her 16 hours of pay.

Dissatisfied with the Postal Service's actions, Foster sued it in district court for disability discrimination under of the Rehabilitation Act of 1973, 29 U.S.C. § 794, interference with FMLA rights, *id*. § 2615(a)(1), and withholding wages, *id*. § 207; IND. CODE § 22–2–5–2. The Postal Service moved for summary judgment. On the Rehabilitation Act claim, the district court ruled that no reasonable juror could find that Foster was an "otherwise qualified individual" eligible for relief because, as she admitted, she could not perform the mail-processing job under her restrictions. And the other claims failed because the court accepted the defendant's contention that Foster had "waived" them by stating during her deposition that she was pursuing only her disability-discrimination claim. (The district court also ruled, in an earlier order, that Foster had not exhausted administratively a claim of sexual harassment, which she sought to bring under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. In her appellate brief she reprises those allegations but does not challenge the exhaustion ruling, so any argument about that ruling is waived. See *Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014).)

On appeal, Foster contests the entry of summary judgment on her Rehabilitation Act claim. To avoid losing on summary judgment, she needed to supply evidence that she is an "otherwise qualified individual" with a disability and the Postal Service denied her access to a program or activity because of her disability. 29 U.S.C. § 794; see also *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671–72 (7th Cir. 2012). Though the Act does not expressly require that employers reasonably accommodate an employee's disability, we understand the statute to include such a duty. *Alexander v. Choate*, 469 U.S. 287, 300–01 (1985).

The district court correctly ruled that no reasonable juror could find that Foster is an "otherwise qualified individual." In determining whether she may be "qualified," we consider whether evidence suggests that she can perform the essential functions of the job, with or without a reasonable accommodation. See *Scheidler v. Indiana*, 914 F.3d 535, 541 (7th Cir. 2019). Foster swears that she cannot perform mail processing under the restrictions (no movements above or below the shoulder) mandated by her doctor: "under these restrictions" she is not "capable of retrieving mail"; it is "impermissible." Moreover, she did not propose any accommodations that would enable her to perform this job under her restrictions. Nor could she. Her history with the position shows that, even with accommodations, she could not process mail without exacerbating her injuries or pain. The only "accommodation" she sought—reassignment to a job that was not available—was not reasonable. See *Stern v. St. Anthony's Health Ctr.*, 788 F.3d 276, 291 (7th Cir. 2015). The Postal Service (like any employer) is not required to *create* a new job to meet a worker's needs. *Id.*

Foster also appeals the entry of summary judgment on her claims that the Postal Service denied her two days of leave under the FMLA and underpaid her for 16 hours of work. Foster did not "waive" these claims during her deposition, as the district court concluded, because "unfavorable deposition testimony does not amend the complaint." *Stepp v. Covance Cent. Lab. Servs., Inc.*, 931 F.3d 632, 634 (7th Cir. 2019). She prosecuted, and thus preserved, them in responding to the motion for summary judgment. Cf. *Lekas v Briley*, 405 F.3d 602, 614–15 (7th Cir. 2005). Even so, we can affirm on any basis supported by the record. *Richards v. U.S. Steel*, 869 F.3d 557, 562 (7th Cir. 2017). These claims fail because Foster does not point to evidence contradicting the Postal Service's records showing that it did not deny any requested FMLA leave and that it rectified her shortfall in pay. If conflicting evidence lies somewhere in the thousands of pages Foster attached to her pleadings, she needed to, but did not, refer us to it. See *Burton v. Bd. of Regents of Univ. of Wis. Sys.*, 851 F.3d 690, 695 (7th Cir. 2017).

We have considered Foster's other arguments, and none has merit.

AFFIRMED