_____

No. 96-1476SI
_____

Elaine Harris,                          *
                                        *
          Appellant,                    *     Appeal from the United
States
                                        *     District Court for the
     v.                                 *     Southern District of Iowa.
                                        *
Polk County, Iowa, sued as              *
Polk County Personnel,                  *
                                        *
          Appellee.                     *


_____

            Submitted:  November 18, 1996

               Filed:  December 31, 1996
               _____

Before FAGG, LAY, and HANSEN, Circuit Judges.
               _____

FAGG, Circuit Judge.


     After Elaine Harris pleaded guilty to a shoplifting charge,
she was fired from her job as a legal stenographer in the county
attorney's office.  About four years later, Harris reapplied for
her old job by writing a letter to the county attorney.  In her
letter, Harris stated the mental health problems that caused her to
shoplift in the past were now resolved.  When a legal
stenographer's position became available, the county attorney
refused to consider Harris because she had a criminal record.
Harris then brought this employment discrimination lawsuit
contending the county attorney violated the Americans with
Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101-12213 (1994).
The district court granted Polk County's motion for summary
judgment, and Harris appeals.  We affirm.


     The record shows the county attorney's refusal to rehire

Harris was based on an office policy against employing individuals with criminal records. According to the county attorney, this policy is in keeping with the integrity and credibility of his office and the nature of the county attorney's work. Although Harris correctly notes one of the other applicants for the legal stenographer's position had a criminal record, this applicant was never offered a job in the county attorney's office, and the fact the county personnel office mistakenly allowed the applicant to take a typing test does not show the county attorney's reason was pretextual. Harris also suggests her situation is comparable to an assistant county attorney who was discharged after his law license was suspended by the Iowa Supreme Court, but was later rehired when his law license was reinstated. Unlike Harris, the assistant county attorney did not have a criminal record. In our view, summary judgment was appropriate because Harris failed to present any evidence tending to show the reason given by the county attorney was a pretext for disability discrimination. See Price v. S-B Power Tool, 75 F.3d 362, 365-66 (8th Cir.), cert. denied, 117 S. Ct. 274 (1996).

Finally, Harris argues the ADA prohibits the county attorney from using her criminal record to reject her application because her shoplifting was caused by a mental illness. Thus, Harris contends the county attorney violated the ADA because his employment decision was based on a symptom of her mental illness. Contrary to Harris's view, the ADA does not require employers to "overlook infractions of [the] law." Despears v. Milwaukee County, 63 F.3d 635, 637 (7th Cir. 1995). We agree with the courts of appeal that recognize an employer may hold disabled employees to the same standard of law-abiding conduct as all other employees. See id.; Collings v. Longview Fibre Co., 63 F.3d 828, 832-33 (9th Cir. 1995), cert. denied, 116 S. Ct. 711 (1996); Maddox v. University of Tennessee, 62 F.3d 843, 847-48 (6th Cir. 1995); see also Williams v. Widnall, 79 F.3d 1003, 1007 (10th Cir. 1996); Leary v. Dalton, 58 F.3d 748, 753-54 (1st Cir. 1995); Little v.

FBI, 1 F.3d 255, 258-59 (4th Cir. 1993); Copeland v. Philadelphia Police Dep't, 840 F.2d 1139, 1149 (3d Cir. 1988). But see Teahan v. Metro-North Commuter R.R., 951 F.2d 511, 516-17 (2d Cir. 1991). Thus, the county attorney properly rejected Harris's application for employment just as he rejected all nondisabled applicants who had a criminal record.

We affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.