NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2998
_____

CHAKA MATTHEWS,

Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS; DAVID A. HUNTER; C.O.
ARNONE; ESTATE OF MEDICAL DIRECTOR JOHN R. BENNER, M.D.; MICHELE
SWANHART CRNP; DANIELLE GLOTFELTY PA-C; CORIZON HEALTH, INC.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 3-13-cv-00126)
District Judge: Honorable Kim R. Gibson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 11, 2020

BEFORE: CHAGARES, HARDIMAN and MATEY, *Circuit Judges*

(Filed: September 14, 2020)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

We first heard this case following dismissal for failure to state a claim. *See*

*Matthews v. Pa. Dep't of Corr.*, 613 F. App'x 163, 166 (3d Cir. 2015) (hereinafter

*Matthews I*). At issue in this appeal are Chaka Matthews's claims under Title II of the

Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act (RA)

against the Pennsylvania Department of Corrections (DOC). *See id.* at 164–65. The

District Court granted summary judgment to the DOC and Matthews now appeals. For

the reasons that follow, we will dismiss Matthews's claims as to the declaratory relief

sought and affirm as to compensatory damages.

I

We recited the facts in some detail in *Matthews I*, 613 F. App'x at 165–66, so we

need not recount them here. After we remanded the case, the parties conducted discovery

and cross-moved for summary judgment. The Magistrate Judge assigned to the case

recommended the District Court deny Matthews's motion and grant the DOC's motion.

Matthews then had fourteen days to file written objections to the proposed disposition of

the case, *see* 28 U.S.C. § 636(b)(1)(C), but requested a two-week extension. The judge

granted a one-week extension, but Matthews failed to timely object. So the District Court

adopted the Magistrate Judge's report and recommendation in its entirety.

Matthews moved for reconsideration and for relief from the judgment. The

Magistrate Judge recommended the Court consider the merits of Matthews's objections

but still grant summary judgment to the DOC. The District Court accepted the Magistrate

Judge's recommendations and denied Matthews's motions on the merits. Matthews timely appealed.

## II[1]

Matthews requests declaratory relief and compensatory damages under the ADA and RA. As to declaratory relief, we agree with both the DOC and the District Court that Matthews lacks standing to pursue declaratory relief because he was released from prison before filing this lawsuit. And because the undisputed facts cannot support finding the DOC acted with "deliberate indifference" towards Matthews, we will affirm the summary judgment as to compensatory damages. *See Haberle v. Troxell*, 885 F.3d 170, 181 (3d Cir. 2018).

### A

To meet the "irreducible constitutional minimum of standing," a plaintiff "must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014) (quotation marks and citation omitted). "[A] plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000) (citing *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996) ("[S]tanding is not dispensed in gross.")).

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331 and we have jurisdiction under 28 U.S.C. § 1291.

Matthews first seeks a declaratory judgment that the DOC violated his rights under the ADA and RA. The Declaratory Judgment Act, which governs requests for relief like this one, is available only where "a case of actual controversy" exists between the parties. 28 U.S.C. § 2201(a); *see also MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (holding "the phrase 'case of actual controversy' in the Act refers to the types of 'Cases' and 'Controversies' that are justiciable under Article III") (citation omitted). But because Matthews was released from prison prior to filing suit—and nothing in the record suggests he will be reincarcerated—there is no live case or controversy with respect to the declaratory relief sought. *See, e.g.*, *City of Los Angeles v. Lyons*, 461 U.S. 95, 104–05 (1983) (concluding no "actual controversy . . . for a declaratory judgment to be entered" existed where the defendant was subjected by police and "assert[ed] that he may again be subject" to an illegal chokehold).

Matthews implicitly concedes as much by failing to address at any point in his briefing either the District Court's reasoning or the DOC's argument that he lacks standing. So we will dismiss his claims as to the declaratory relief sought.

B

We turn next to compensatory damages. *See, e.g.*, *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 77 (2013). We agree with the District Court that the undisputed facts cannot support claims for compensatory damages under Title II of the ADA or Section 504 of the RA.

4

## 1

We exercise plenary review over the summary judgment and "we apply the same standard as the district court to determine whether summary judgment was appropriate." *Physicians Healthsource, Inc. v. Cephalon, Inc.*, 954 F.3d 615, 618 (3d Cir. 2020). Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We view "the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Physicians Healthsource, Inc.*, 954 F.3d at 618 (quotation marks and citation omitted). We consider the ADA and RA claims "together because the substantive standards for determining liability are the same." *Furgess v. Pa. Dep't of Corr.*, 933 F.3d 285, 288 (3d Cir. 2019) (internal quotation marks and citation omitted).

## 2

To successfully assert a claim under Title II of the ADA, Matthews must demonstrate

> (1) he is a qualified individual; (2) with a disability; (3) he was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of his disability.

*Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 553 n.32 (3d Cir. 2007) (citation omitted). Because he seeks compensatory damages, Matthews faces an additional hurdle: he must also prove "intentional discrimination." *Haberle*, 885 F.3d at 181 (citing *S.H. ex rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248, 261 (3d Cir. 2013)).

"To prove intentional discrimination, an ADA claimant must prove at least deliberate indifference," which requires both "(1) knowledge that a federally protected right is substantially likely to be violated . . . and (2) failure to act despite that knowledge." *Id.* (citing and quoting *S.H. ex rel. Durrell*, 729 F.3d at 265). Matthews could show such a right was "substantially likely to be violated" by either (1) alleging "a failure to adequately respond to a pattern of past occurrences of injuries like [his]"; or (2) alleging facts that "prove that the risk of . . . cognizable harm was so great and so obvious that the risk and the failure . . . to respond will alone support finding deliberate indifference." *Id.* (internal quotation marks and citation omitted).

Matthews claims "deliberate indifference" by the DOC in "fail[ing] to act for several months despite the knowledge that [he] required accommodations for his mobility impairment." Reply Br. 7–8. He cites his multiple visits to the medical department "requesting relief from his pain and assistance with his mobility;" his discussions of housing needs with corrections officers; and his filing of a disability accommodation request. Matthews Br. 40. And he also claims the "risks of violations of the ADA for people with temporary mobility impairments in the [DOC] is undoubtedly exactly the type of risk that is so great and so obvious that the complete inaction of the DOC on this issue amounts to deliberate indifference." Reply Br. 9 (internal quotation marks omitted). We are not persuaded.

In previously analyzing Matthews's claims under the Eighth Amendment, we concluded he could not meet a similar "deliberate indifference" standard. *Matthews I*, 613 F. App'x at 170; *see also Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009) ("To act

6

with deliberate indifference is . . . to recklessly disregard a substantial risk of serious harm."). We reasoned the medical professionals involved in Matthews's diagnosis and treatment "were attentive to [his] impairment" and "[i]f they exposed [him] to greater risk of injury by refusing to recommend a cell reassignment, their mistake was negligence, not deliberate indifference." *Matthews I*, 613 F. App'x at 170. As to the DOC, we "noted that non-medical prison officials are generally justified in relying on the expertise and care of prison medical providers." *Id.*; *see id.* ("[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with . . . deliberate indifference." (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004))).

So we previously held that neither the medical professionals involved, nor the prison officials, nor the DOC acted with deliberate indifference towards Matthews. *Matthews I*, 613 F. App'x at 170. Because the "[t]he definition of deliberate indifference in the RA and the ADA context is consistent with our standard of deliberate indifference in the context of § 1983 suits by prison inmates," we reach the same conclusion here. *S.H. ex rel. Durrell*, 729 F.3d at 263 n.23. Nothing in this "well-developed record" fundamentally changes our analysis, as Matthews has not adduced new evidence indicating the DOC acted with deliberate indifference. App. 4.

\* \* \*

We will dismiss Matthews's request for declaratory relief and affirm the District Court's summary judgment for the reasons stated.

7