**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2047
_____

ZHAOJIN DAVID KE,
                    Appellant

v.

PENNSYLVANIA STATE EMPLOYEES RETIREMENT SYSTEM;
SALVATORE DARIGO, in both his official and individual capacities;
GERALD VILLELLA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-19-cv-01695)
District Judge:  Honorable Jennifer P. Wilson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 2, 2020
Before:  GREENAWAY, Jr., KRAUSE, and BIBAS, Circuit Judges

(Opinion filed: December 10, 2020)
_____

OPINION*
_____

PER CURIAM

        Zhaojin David Ke appeals pro se from the District Court's order dismissing his

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1] We will affirm.

## I.

In September 2019, Ke commenced a civil rights action in the District Court relating to his divorce proceedings in Erie County, Pennsylvania. According to Ke, counsel for the Pennsylvania State Employees Retirement System (SERS) conspired with his ex-wife's counsel to obtain a domestic relations order (DRO) that unlawfully deprived Ke of 50% of his monthly disability benefits. Specifically, in his pro se complaint, Ke claimed that: (1) SERS violated his due process rights by failing to notify him that his ex-wife's counsel had submitted an unexecuted draft DRO; (2) SERS violated his equal protection rights by failing to ensure that his disability wages were "on par with people who are still able to work," Compl. ¶¶ 94-98, ECF No. 8; (3) SERS subjected him to a state-created danger in violation of his substantive due process rights by placing him in financial peril; (4) SERS's counsel conspired with his ex-wife's counsel to deprive him of his due process rights by approving a draft DRO without notifying him; and (5) SERS violated the Rehabilitation Act of 1973 (RA) and Title II of the Americans with Disabilities Act (ADA) by disbursing 50% of his disability benefit to his ex-wife.[2] Ke

---

[1] Ke sought reconsideration of the District Court's order but the District Court denied relief. Ke does not challenge this ruling on appeal.

[2] Ke also pleaded a claim for intentional infliction of emotional distress. The District Court declined to exercise supplemental jurisdiction over this state-law claim. Although Ke stated in his notice of appeal that he seeks review of this ruling, he does not address it in his appellate brief. Therefore, the issue has been waived. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005).

named as defendants SERS; Salvatore Darigo, in-house counsel for SERS; and Gerald Villella, Ke's ex-wife's attorney.

A Magistrate Judge granted Ke leave to proceed in forma pauperis, screened the complaint pursuant to 8 U.S.C. § 1915(e)(2), and determined that Ke failed to state a claim upon which relief could be granted. Ke attempted to cure the deficiencies through an amended complaint, but the Magistrate Judge again concluded that he failed to state a claim and recommended that the District Court dismiss the case pursuant to § 1915(e)(2)(B)(ii). The District Court adopted the Magistrate Judge's Report and Recommendation over Ke's objections and dismissed the amended complaint.

Ke appeals.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order dismissing the amended complaint under §§ 1915(e)(2) and 1915A. See Harnage v. Lightner, 916 F.3d 138, 140 (2d Cir. 2019) (per curium); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). In reviewing a dismissal for failure to state a claim, "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quotation marks omitted).

## III.

We agree with the District Court's disposition of this case and need not repeat the District Court's and Magistrate Judge's thorough analyses here. In brief, the District

3

Court correctly concluded that Ke failed to state a due process claim against SERS and Darigo because nothing in the applicable statute, regulations, or administrative policy indicates that SERS was required to notify Ke when his ex-wife's counsel submitted a draft DRO for approval.[3]  Cf. 71 Pa. Const. Stat. Ann. § 5953.1(b) (requiring notification to a SERS member within a reasonable period after receipt of a court-approved DRO). The District Court also correctly concluded that Ke failed to state an equal protection claim because "people who are still able to work to earn wages" are not similarly situated to him.  See generally Andrews v. City of Phila., 895 F.2d 1469, 1478 (3d Cir. 1990), superseded in part by statute, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1072; Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006).  Next, the District Court correctly concluded that Ke's allegations that the defendants caused him financial harm do not support a cognizable state-created danger claim; as the Magistrate Judge and District Court explained, we have only applied this doctrine in instances in which a state actor created a danger of physical harm.  See, e.g., Kneipp v. Tedder, 95 F.3d 1199, 1201-03 (3d Cir.1996).  Lastly, the District Court correctly concluded that Ke did not allege facts to support a claim that the defendants discriminated against him on the basis

_____

[3] Because Ke failed to state a due process claim in this regard, he necessarily failed to state a conspiracy claim against Darigo and Villella based on the same alleged due process violation.  See Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 293-94 (3d Cir. 2018) ("To prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law reached an understanding to deprive him of his constitutional rights." (quotation marks omitted)).

4

of a disability in violation of § 504 of the RA or Title II of the ADA. See Furgess v. Pa. Dep't of Corr., 933 F.3d 285, 288-89 (3d Cir. 2019).

We have reviewed Ke's arguments on appeal and conclude that they are meritless. In particular, to the extent that Ke asserts that the Magistrate Judge improperly "took his case" without Ke's consent, the case was referred to the Magistrate Judge for purposes of a Report and Recommendation only. See 28 U.S.C. § 636(b)(1)(B). In addition, while Ke argues that the District Court was not permitted to dismiss his amended complaint before he served the defendants, the District Court had the authority to do so under § 1915(e)(2)(B). Next, contrary to Ke's contention, the Magistrate Judge and District Court did not err in applying the standard of Federal Rule of Civil Procedure 12(b)(6) to determine whether he stated a claim under § 1915(e)(2)(B)(ii). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to § 1915(e)(2)(B)(ii) dismissal). Ke also contends that the District Court was biased against him. We have carefully reviewed the record, however, and see nothing to support this contention.[4]

IV.

_____

[4] Ke also challenges the District Court's and Magistrate Judge's application of the Rooker-Feldman doctrine to his case. Contrary to his contention, however, neither the Magistrate Judge nor the District Court relied on that doctrine to conclude that none of the counts in the amended complaint stated a claim upon which relief could be granted. Rather, the Magistrate Judge and District Court observed that to the extent that Ke sought federal court review of his divorce proceedings, such review is barred under D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923).

For these reasons, we will affirm the District Court's order dismissing the amended complaint.