**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2633
_____

JULIE A. GRAHAM,
                                        Appellant

v.

SECRETARY UNITED STATES DEPARTMENT OF VETERANS AFFAIRS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:19-cv-01339)
Magistrate Judge: Honorable Susan E. Schwab (by consent)
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on March 7, 2023

Before: SHWARTZ, BIBAS, and PHIPPS, Circuit Judges

(Opinion filed:  March 7, 2023)
_____

_____

OPINION[*]

_____

PER CURIAM

Pro se appellant Julie Graham appeals the District Court's order granting summary judgment to the defendant, the Secretary of the Department of Veterans Affairs. For the reasons detailed below, we will affirm the District Court's judgment.

While employed by the Department of Veterans Affairs ("the VA") as a licensed practical nurse, Graham was charged with aggravated assault, sexual assault, simple assault, and recklessly endangering another person. Each of the charges concerned Graham's alleged failure to disclose her HIV-positive status to a sexual partner.

The VA then placed Graham on paid leave pending "the completion of administrative investigations regarding criminal complaints made against you." ECF No. 38-1 at 7. After Graham waived her right to a preliminary hearing, the VA suspended her without pay "until the completion of the law enforcement investigation and any related judicial proceedings pertaining to this conduct." Id. at 13.

Eventually, the Commonwealth withdrew the three assault charges, and the remaining charge, reckless endangerment, was resolved through accelerated rehabilitative disposition. Soon thereafter—about a year after the initial suspension—the VA lifted the suspension and directed Graham to return to work. See id. at 34. Graham did so, and

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

requested, through counsel, that she be given back pay and other benefits that she missed out on due to her suspension. See id. at 36. The VA denied the request on the ground that the suspension was appropriate and it would not be financially responsible to pay an employee for time on suspension pending criminal charges.

Graham then filed a complaint with the U.S. Equal Employment Opportunity Commission (EEOC), alleging that the VA discriminated against her on the basis of her disability when it denied her request for back pay and benefits for the time she was suspended. The EEOC concluded that Graham had not shown that she had been subjected to disability discrimination and issued a right-to-sue letter. See id. at 97–98.

Graham then filed her federal complaint. She alleged that the VA "discriminated against Plaintiff because of Plaintiff's Disability after she was diagnosed as HIV positive and her condition was made public." ECF No. 1 at 2. The District Court, interpreting Graham's complaint to raise claims under the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA), granted summary judgment to the defendant because Graham failed to show that the VA discriminated against her based on her disability.

We have jurisdiction under 28 U.S.C. § 1291. We exercise a plenary standard of review, and apply the same standard as the District Court to determine whether summary judgment was appropriate. State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009).

3

We agree with the District Court's analysis of this case. To analyze Graham's claims of disparate treatment under the ADA and RA,[1] we apply the burden-shifting framework set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). This requires Graham to first make out a prima facie case that she was (1) disabled, (2) subject to an adverse employment action, (3) qualified for her position, and (4) the adverse employment action was because of her disability. Fowler v. AT&T, Inc., 19 F.4th 292, 298 (3d Cir. 2021). Like the District Court, we will assume that Graham made this showing. The burden then shifts to the defendant "to provide a legitimate, non-discriminatory reason for its actions." Id. We agree with the District Court that the defendant did so: it denied back pay and benefits because Graham had been suspended pending the resolution of serious criminal charges. See generally In re Trib. Media Co., 902 F.3d 384, 402 (3d Cir. 2018).

The burden then shifted back to Graham. To survive summary judgment, she needed to present evidence that the VA's explanation "is merely a pretext, meaning evidence that could cause a jury either to (1) disbelieve the employer's articulated legitimate reasons, or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Fowler, 19 F.4th at 299 (alterations, quotation marks omitted). "To discredit the employer's proffered reason, however, the plaintiff cannot simply show that the employer's decision was wrong or mistaken,

---

[1] We consider the ADA and RA claims "together because the substantive standards for determining liability are the same." Furgess v. Pa. Dep't of Corr., 933 F.3d 285, 288 (3d Cir. 2019) (quotation marks omitted).

since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent." Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994).

The District Court correctly concluded that Graham failed to present evidence discrediting the VA's explanation. In its contemporaneous communications, the VA invariably identified the criminal charges as the impetus for its actions, and its conduct—escalating the suspension after Graham waived her preliminary hearing and then lifting the suspension when the charges were resolved—was consistent with that explanation.

Graham argues at some length that the criminal charges were illegitimate and that the VA should not have relied on them, but this does not show that the VA's reliance was pretextual. See id. Further, while Graham has vaguely claimed that another employee who was charged with driving under the influence was treated more leniently, this does not make the necessary showing because she has failed to establish that that employee was "similarly situated in all respects." In re Trib. Media Co., 902 F.3d at 403 (quotation marks and alteration omitted). Finally, it is true, as Graham says, that in its written statement discussing the appropriate penalty, the VA did at times refer to her disability. See ECF No. 38-1 at 17–20. However, we agree with the EEOC that Graham's "criminal charges were intertwined with her medical condition, and it would have been nearly impossible to discuss and evaluate the criminal allegations without mentioning her medical condition." ECF No. 38-1 at 97.[2] The written statement focused on Graham's conduct,

---

[2] In her appellate brief, Graham contends that the VA denied her due process, but because she did not raise this claim in the District Court, we will not address it here. See Simko

not her disability, and the references to HIV do not reflect animus toward Graham's disability or suggest that the VA was not actually focused on the criminal charges. See generally Salley v. Cir. City Stores, Inc., 160 F.3d 977, 981 (3d Cir. 1998); Harris v. Polk Cnty., 103 F.3d 696, 697 (8th Cir. 1996).

Accordingly, we will affirm the District Court's judgment.

---

v. U.S. Steel Corp., 992 F.3d 198, 205 (3d Cir. 2021). We note also that the District Court concluded that Graham failed to exhaust any direct challenge to the suspension. See ECF No. 44. Graham has not challenged that decision in her appellate brief, so we likewise will not address that issue. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020).