**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2865
_____

KENNETH J. KONIAS, JR.,
                                                    Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS; DONALD COLLINGS;
LAWRENCE B. LEWIS; BETH RUDZIENSKI; DEBRA HAWKINBERRY;
MARK CAPOZZA; FRANK SALVAY; JOHN E. WETZEL; LOIS ALLAN

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 2:19-cv-01530)
Magistrate Judge:  Honorable Cynthia R. Eddy (by consent)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 4, 2024
Before:  SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: December 20, 2024)
_____

OPINION[*]
_____

PER CURIAM

        Appellant Kenneth Konias, a Pennsylvania state prisoner proceeding pro se and

in forma pauperis, appeals from the District Court's decisions granting the defendants'

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

motions to dismiss and for summary judgment.  For the reasons that follow, we will affirm.

## I.

In November 2019, Konias filed a civil action against the Department of Corrections ("DOC") and other individual defendants relating to his inability to submit urine for drug tests due to paruresis, also referred to as "shy bladder syndrome."  (See D.Ct. ECF No. 38).  Konias alleged that the Appellants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12132 et seq., by failing to provide him with testing alternatives or accommodations in light of his purported disability, violated his Fourteenth Amendment due process rights in various ways in connection with the related misconduct hearings, and violated the Eighth Amendment by indefinitely restricting contact visits as punishment for failing to provide urine samples.

The Defendants moved to dismiss for failure to state a claim. The District Court, acting through a Magistrate Judge on the parties' consent pursuant to 28 U.S.C. § 636(c), granted the motion in part and dismissed with prejudice all but Konias' ADA claim against the DOC.  After discovery, the parties filed cross-motions for summary judgment. Concluding that Konias failed to adduce sufficient evidence for a jury to conclude that he suffered from a disability, the District Court granted summary judgment in favor of the DOC.  Konias appeals.

**II.**

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's orders granting the defendants' motions to dismiss for failure to state a claim and for summary judgment.  See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014); see also St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp., 967 F.3d 295, 299 (3d Cir. 2020).  Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party, the court concludes that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006).

**III.**

To succeed on a claim under Title II of the ADA, a litigant must establish "that he is a qualified individual with a disability, who was precluded from participating in a program, service, or activity, or otherwise was subject to discrimination, by reason of his disability."  Furgess v. Pa. Dep't of Corr., 933 F.3d 285, 288-89 (3d Cir. 2019).  The ADA defines disability as "a physical or mental impairment that substantially limits one or more major life activities …, [or] a record of such an impairment."  42 U.S.C. § 12102(1).  Under the ADA Amendments Act of 2008 ("ADAAA"), the term disability should be construed "broadly in favor of expansive coverage."  29 C.F.R. § 1630.2(j)(1)(i), (iii).

According to Konias' operative amended complaint, paruresis is a psychological disorder related to anxiety that makes it difficult for him to urinate in the presence of

3

others.  D.Ct. ECF No. 38 at 2.  Assuming, without deciding, that paruresis constitutes a disability under the ADA, the District Court correctly determined that no reasonable juror could find that Konias suffered from such a disability.  It is undisputed that no medical professional has ever diagnosed Konias with paruresis, and his medical records contain no indication of such a diagnosis.  See D.Ct. ECF No. 78-2 at 69-70.[1]  Konias has been subjected to urinalysis drug testing in excess of twenty times since entering DOC custody in 2014 and, given sufficient time and water, was unable to produce a urine sample only three times.  Konias acknowledged in his complaint that he "has no difficulty producing urine samples when given sufficient time and water."  D.Ct. ECF No. 38 at 2.  Beyond Konias' own self-diagnosis, nothing in the record supports his assertion that he suffers from paruresis.  Accordingly, we discern no error in the District Court's conclusion that Konias "failed to adduce sufficient evidence that a jury could conclude that he is a person with a disability under the ADA."  D.Ct. ECF No. 102 at 8.[2]

---

[1] Further, documents submitted by Konias relating to his misconduct proceedings indicated that Konias is under the care of a prison psychiatrist, Dr. Saavedra, who would not diagnose him with paruresis because he was able to produce a urine sample "more often than not."  D.Ct. ECF No. 89-9 at 4; see also D.Ct. ECF No. 78-2 at 53 (disciplinary hearing notes indicating that Dr. Saavedra advised the hearing officer that there was no diagnosis or other information that would keep Konias from providing a urine sample "given time and water").

[2] For the reasons stated by the District Court, we also agree that any alleged failure to diagnose does not state a claim under the ADA.  See D.Ct. ECF No. 102 at 8-9.  To the extent Konias alleges that the failure to diagnose him with paruresis, or send him for evaluation by an outside urologist, constituted inadequate medical care or deliberate indifference to his serious medical needs, such allegations were not contained in his operative amended complaint and are not properly before this Court.

4

To the extent that Konias also seeks to challenge the District Court's dismissal of his constitutional claims, we agree with the Appellees, see 3d Cir. ECF No. 24 at 17-18, that Konias' has forfeited his challenge to those findings by failing to adequately address them in his opening brief. See Geness v. Cox, 902 F.3d 344, 355 (3d Cir. 2018) ("[I]t is well settled that a passing reference to an issue will not suffice to bring that issue before this court."); Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (declining to address a claim where an appellant failed to list it in the issue statement or include relevant arguments or citations in the appeal brief); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-45 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants"). Nonetheless, we have reviewed the District Court's findings and discern no reversible error.

Accordingly, we will affirm the decision of the District Court.[3]

---

[3] Konias' motion to compel, see 3d Cir. ECF No. 29, is denied as moot. Konias has also filed a motion for leave to file a supplemental brief. See 3d Cir. ECF No. 35. We note that the motion seeks to raise new constitutional claims not presently before this Court relating to the confiscation of mail, requests to add new defendants, and requests relief in the form of monetary damages and default judgment. However, Konias fails to allege that any such confiscation has interfered with his ability to litigate this fully briefed appeal. Accordingly, the motion is denied. See Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 88 n.12 (3d Cir. 2013). In light of our disposition, Konias' motion for the appointment of counsel, see 3d Cir. ECF No. 36, is denied.